# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2014

Lyle W. Cayce
Clerk

No. 13-30867
Summary Calendar

TIMOTHY CHARLES OLIVER,

Plaintiff-Appellant

v.

NURSE BILLY; OFFICER COCKERHAM; OFFICER MOREHOUSE; D. SMITH, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-3002

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Timothy Charles Oliver, Louisiana prisoner # 577906, filed a 42 U.S.C. § 1983 complaint against several employees of LaSalle Correctional Center.  In his complaint, Oliver asserted that he was denied adequate medical care and was the victim of excessive force. As relief, Oliver requested that the employees be terminated and criminally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30867

prosecuted.  On appeal, Oliver argues that the district court's dismissal of his complaint for failure to file objections to the magistrate judge's report and recommendation was erroneous and should be reversed.

A district court is required to dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief.  28 U.S.C. § 1915A(b)(1); § 1915(e)(2)(B)(i) & (ii).  Oliver is incorrect in his assertion that the district court dismissed his § 1983 complaint because he failed to timely object to the magistrate judge's report and recommendation.  The record reflects that the district court dismissed Oliver's § 1983 complaint because the injunctive relief Oliver requested was not only moot due to his transfer to another prison, but improper because the termination of a prison employee is within the discretion of prison officials.  The district court further concluded that Oliver's § 1983 complaint was frivolous because Oliver did not have a constitutional right to have the defendants criminally prosecuted.  Because Oliver does not challenge the district court's reasons for dismissing his § 1983 complaint as frivolous, he has abandoned the claims on appeal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.